UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

WILLIE JONES,

           Petitioner,

   -vs-

T. POOLE, Superintendent,
Five Points Correctional Facility

           Respondent.
───────────────────────────────────

**DECISION AND ORDER**
**No. 05-CV-6378**

## I. INTRODUCTION

Petitioner, Willie Jones ("Petitioner" or "Jones"), filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his custody. Petitioner was convicted, following a jury trial in New York Supreme Court, Erie County, of attempted robbery in the first degree (New York Penal Law ("Penal Law") §§ 110.00, 160.15 [3]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). For the reasons set forth below, this petition is denied.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

By indictment number 01-2513-001, Petitioner was charged with attempted robbery in the first degree, attempted robbery in the second degree (Penal Law § 110.00, 160.10 [2]), criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), arising out of the following incident. On November 26, 2001, at approximately

-1-

6 p.m., Timothy Whalen, was leaving his job at St. James School on Hastings Avenue in Buffalo, New York to get supplies from another school. (T. 24).[1] As he was getting into his truck, Petitioner twice yelled, "Praise the Lord," to Whalen, and Whalen responded with the same. (T. 24-5). Petitioner then approached Whalen, who was inside the truck, knocked on the window and told Whalen that he and his pregnant wife needed a ride. (T. 25). Whalen initially refused, but agreed to give Petitioner and the pregnant woman a ride after Petitioner said a prayer and told Whalen he was friends with the Pastor at the church at St. James, and he and his wife attended church every Sunday. Id. Petitioner then asked Whalen to take them to a gas station on Bailey Avenue. (T. 26). When they started to drive towards the gas station, the woman handed Petitioner, who was seated in front, a bottle of beer in a brown paper bag. (T. 28, 69). Petitioner then became aggressive towards Whalen, called him a "white mother fucker" who "hated niggers," and asked Whalen to give him money because his wife had not eaten all day. (T. 29). Whalen refused, and Petitioner continued to demand money in the same aggressive manner. (T. 29-30). Whalen then saw a police car driving in the same direction, and sped up to reach them. (T. 30). At this point, Petitioner raised the bottle toward Whalen, and ordered him to turn left and saying, "I'm going to jack you up." Id. Whalen then leaned on the horn, sped up and hit the

---

[1] "T." refers to the state court trial transcript.

police car from the rear. (T. 31). Whalen jumped out of the car and told the police that Petitioner was attempting to carjack him and attempting to steal money from him. (T. 31). A female police officer, Dena Fera, approached the car, spoke with Whalen briefly, and removed the bottle from the truck and threw it in a trash can. (T. 69). Petitioner was then arrested and taken to the police station with the pregnant woman, who he told police was his friend, not his wife. (T. 75-77). The woman was deaf, and could not speak, read or write, and the police were unable to identify who she was or where she lived. Id. She was subsequently released from custody. Id.

Petitioner was convicted of attempted robbery in the first degree and criminal possession of a weapon in the third degree, following a jury trial in Erie County Supreme Court. Petitioner appealed his conviction to the Appellate Division, Fourth Department arguing the following: (1) insufficient evidence to support the conviction for attempted robbery; (2) the trial court failed to properly charge the jury on the definition of a "dangerous instrument" under the Penal Law; (3) prosecutorial misconduct during prosecutor's opening and closing statements; (4) ineffective assistance of counsel; and (5) the sentence was harsh and excessive. State Court Records, Exhibit B, Brief for Defendant-Appellant at 22. The Appellate Division unanimously affirmed his conviction, holding that defendant failed to preserve for review

his claims that there was insufficient evidence to support the robbery conviction, that the trial court's jury instructions were erroneous, and that there was prosecutorial misconduct. People v. Jones, 13 A.D.3d 1192 (4th Dept. 2004). The Appellate Division also held that the prosecutorial misconduct claim lacked merit, that the Petitioner was provided "meaningful representation, and that the sentence was not unduly harsh or severe. Id. at 1192-3. The New York State Court of Appeals denied further review. People v. Jones, 4 N.Y. 3d 799 (N.Y. 2005).

### III. <u>GENERAL PRINCIPLES APPLICABLE TO HABEAS REVIEW</u>

**A. The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254 (d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently that [the Supreme Court] has on a set of

materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F. 3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-410. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted). Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of

rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.  Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the remedies available in the courts of the State..." 28 U.S.C. §2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054, 115 S.Ct. 1436 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

**C.  The Adequate and Independent State Ground Doctrine**

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an

independent and adequate state procedural rule, federal habeas review of the claims is barred.'" Dunham v. Travis, 313 F.3d 724, 729 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). "A habeas petitioner may bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Id. (Citing Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Although the Supreme Court "has repeatedly cautioned 'that the independent and adequate state law groud] doctrine applies to bar consideration on federal habeas of federal claims that have been defaulted under state law,'" Dunham, 313 F.3d at 729 (quoting Lambrix v. Singletary, 520 U.S. 518, 523 (1997) (emphasis added by Second Circuit), the Second Circuit has observed that "it is not the case 'that the procedural-bar issue must invariable be resovled first; only that is ordinarily should be[,]'" (quoting Lambrix, 520 U.S. at 525 (stating that bypassing procedural questions to reach the merits of a habeas petition is justified in rare situations, "for example, if the [underlying issues] are easily resolvable against the habeas petitioner, whereas the procedural bar issue involved complicated issues of state law")).

-7-

## IV. PETITIONER'S CLAIMS

### A. Ineffective Assistance of Trial Counsel

Petitioner's claim for ineffective assistance of trial counsel rests on the following grounds: (1) counsel failed to object to prosecutor's alleged misconduct during opening and closing statements; (2) counsel failed to object to the prosecution's failure to preserve evidence; (3) counsel failed to familiarize himself with the law and facts of the case; (4) counsel failed to properly move to dismiss the indictment for insufficient evidence; (5) counsel failed to ask for an instruction regarding the definition of a "dangerous instrument" under the Penal Law; and (6) counsel failed to investigate a possible intoxication or mental health defense. Pet. ¶ 22A.[2]

**1. Unexhausted Claims**

Petitioner has not provided any support for his claims that counsel failed to familiarize himself with the law and facts of the case or that counsel failed to investigate a possible intoxication or mental health defense. In any event, these claims are unexhausted. In his Reply to the Respondent's Answer and Memorandum of Law to his habeas petition, Petitioner asked this Court to eliminate those claims that are found unexhausted, and to review the remaining claims in the petition on the merits. See Plaintiff's

---

[2] "Pet." refers to Jones' petition for a writ of habeas corpus.

Reply at 2, Docket No. 13. Accordingly, this Court deems the petition amended to eliminate these unexhausted claims.

Petitioner also claims ineffective assistance of counsel based on counsel's failure to object to the prosecution's misconduct during opening and closing statements and counsel's failure to object to the prosecution's failure to preserve evidence. These claims were raised on direct review to the Appellate Division, but Petitioner failed to raise these issues in his application for review to the New York State Court of Appeals. See State Court Records, Exhibit B, Brief for Defendant-Appellant at 22; State Court Records, Exhibit C, Application for Leave to Appeal to the New York Court of Appeals. Petitioner cannot now present these claims to the Court of Appeals because he is only entitled to one request for leave to appeal, which was denied. See N.Y. Court Rules § 500.10(a). Additionally, Petitioner cannot seek collateral review of these claims because they were raised on direct appeal. N.Y. Crim. Proc. Law §§ 440.10(2)(a),(c). Petitioner's claims are thus deemed exhausted, but procedurally barred. See Grey v. Hoke, 933 F.2d 117, 120-21 (2nd Cir. 1991). Petitioner has not established the requisite cause and prejudice, or a fundamental miscarriage of justice necessary to overcome the procedural bar. Id.; See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). Therefore, this Court must dismiss these claims without reaching the merits. Grey, 933 F. 2d at 121.

**2. Exhausted Claims**

Petitioner also claims ineffective assistance of counsel for counsel's failure to move to dismiss the indictment because of insufficient evidence and counsel's failure to request an instruction on the definition of a "dangerous instrument" under the Penal Law. These claims were properly exhausted. The Petitioner raised these claims on direct appeal, and the Appellate Division held that he "received meaningful representation." Jones, 13 A.D.2d at 1192-3, *leave denied* 4 N.Y. 3d 799. This Court finds that this was not contrary to, or an unreasonable application of, clearly established Federal law, and Petitioner's claim for habeas relief for ineffective assistance of counsel is denied.

The Sixth Amendment to the Constitution provides that the accused in a criminal trial shall have the assistance of counsel for his defense. The right to counsel is fundamental to the criminal justice system; it affords the defendant the opportunity "to meet the case of the prosecution." Strickland v. Washington, 466 U.S. 668, 685(1984). The appropriate Constitutional standard for assessing attorney performance is "reasonably effective assistance." Strickland, 466 U.S. at 687. To demonstrate constitutional ineffectiveness, "[f]irst, the defendant must show that counsel's performance was deficient." Id., 466 U.S. at 687. To determine whether a counsel's conduct is deficient, "[t]he court must ... determine whether, in light of all of the circumstances, the

identified acts or omissions were outside the wide range of professionally competent assistance." Id., 466 U.S. at 690. In gauging the deficiency, the court must be "highly deferential," must "consider[ ] all the circumstances," must make "every effort... to eliminate the distorting effects of hindsight," and must operate with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., 466 U.S. at 688-89. The Court must look at the "totality of the evidence before the judge or jury," keeping in mind that "[s]ome errors [] have ... a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture." Id. at 695-96. Second, a habeas petitioner must demonstrate "that there is a 'reasonable probability' that, but for the deficiency, the outcome . . . would have been different[.]" McKee v. United States, 167 F.3d 103, 106 (2d Cir. 1999) (quoting Strickland, 466 U.S. at 688). "A reasonable probability is a probability sufficient to undermine confidence in the [trial's] outcome," Strickland, 466 U.S. at 688; a defendant "need not show that counsel's deficient conduct more likely than not altered the outcome of the case." Id., 466 U.S. at 693. Thus, even serious errors by defense counsel do not warrant granting federal habeas relief where the conviction is supported by overwhelming evidence of guilt.

**a. Failure to Move to Dismiss Indictment for Insufficient Evidence**

Petitioner's claim for ineffective assistance of counsel on this ground is without merit. At the close of the People's proof, defense counsel moved, "for a dismissal of the entire indictment on the grounds that the People failed to present a prima facie case as a matter of law." (T. 100). The Appellate Division held that this motion to dismiss was insufficient to preserve the issue for review because it did not specify the reason why the People's proof was insufficient. Jones, 13 A.D.2d at 1192 (citing People v. Hines, 97 N.Y.2d 56, 62 (N.Y. 2001)). Petitioner argues that counsel was ineffective because he did not specify that there was insufficient evidence to prove that a bottle was a "dangerous instrument" under the Penal Law. However, this Court finds that this did not prejudice the Petitioner, because the Petitioner has not shown that there is a reasonable probability that the outcome would have been different had counsel made a more precise motion to dismiss.

Had counsel's motion to dismiss preserved the issue for review, the Appellate Division would have inquired whether a reasonable jury, viewing the evidence in the light most favorable to the people, would have found the element proved beyond a reasonable doubt. People v. Acosta, 80 N.Y.2d 665, 672 [N.Y. 1993] (quoting People v. Steinberg, 79 N.Y.2d 673, 681-682, [N.Y. 1992]). In this case, the test is whether the evidence was legally sufficient to establish that the glass bottle was a "dangerous instrument" under

-12-

Penal Law § 160.15 [3]. The trial court charged the jury that a dangerous instrument is "any instrument, article or substance which, under the circumstances in which it is used [...] is readily capable of causing death or other serious physical injury." T. 151. The New York Court of Appeals has held that the object need not be inherently dangerous, but the court must look at the circumstances in which the object is used to determine whether it meets the standard. People v. Carter, 53 N.Y.2d 113 (N.Y. 1981). This Court finds that, because a reasonable jury could have found that a glass bottle was capable of causing serious physical injury or death, Petitioner was not prejudiced by trial counsel's failure to preserve this issue for appellate review. Petitioner has not shown that there is a reasonable probability that the outcome at the appellate level would have been different, therefore, his claim for ineffective assistance of counsel on this ground is denied.

**b. Failure to Request an Instruction on the Definition of a "Dangerous Instrument"**

Petitioner argues that counsel should have requested an instruction requiring the jury to find that a beer bottle was a "dangerous instrument" under the Penal Law. Pet. ¶ 22A. During the charge conference, defense counsel requested that the court charge the jury with the lesser included offense of petit larceny. (T. 85-7). Defense counsel argued that a reasonable view of the evidence was that he committed attempted larceny by trick, by trying to convince Whalen that the pregnant woman was his wife and she needed

money to eat, and that force was not used and the bottle was not a dangerous instrument. Id. The court denied defense counsel's request, and asked if he would like the court to charge Robbery in the third degree.[3] (T. 88). Defense counsel refused. Id. The court then charged the jury with first and second degree robbery and defined the degrees of those crimes under the Penal Law. (T. 150-51). The court specifically defined "dangerous instrument" under Penal Law § 160, and explained how a dangerous instrument is used to raise a crime from third degree robbery to first degree robbery. (T. 150-51).

Counsel's failure to request a specific instruction on the definition of a dangerous instrument was not ineffective assistance of counsel under Strickland, because counsel could have reasonably concluded that the court would define the terms that constituted the crime of robbery in the first degree. Because the court did define "dangerous instrument," it cannot be argued that the outcome of the case would have been different if counsel had specifically asked for this charge. In addition, counsel's request for the lesser included offense of attempted petit larceny was a reasonable strategy to persuade the court to charge the jury with a crime that did not involve force or the use of a dangerous instrument. It cannot be argued that counsel was ineffective because the court denied this

---

[3] Robbery in the third degree is forcible stealing that does not involve the use of a dangerous instrument. Penal Law § 160.05.

-14-

request. While counsel could have asked the court to charge robbery in the third degree, his failure to do so does not rise to the level of ineffective assistance of counsel under Strickland. In not asking for the charge of robbery in the third degree, counsel could have concluded that if the jury found the defendant did not possess a dangerous instrument to constitute first degree robbery, and he was not aided by another to constitute second degree robbery[4], that he would be acquitted of the robbery charges. It was thus reasonable to ask for an attempted petit larceny charge and not a charge for third degree robbery. Therefore, Petitioner's claim is denied on this ground.

**B. Legally Insufficient Evidence**

Petitioner next claims that the evidence was insufficient to support his conviction for attempted first degree robbery. Pet. ¶ 22B. The substance of Petitioner's claim is that a bottle could not constitute a dangerous weapon under the Penal Law and, in any event, the bottle he possessed in the car was not presented at trial because it was disposed of by a police officer on the scene. Id. Petitioner's claim was dismissed by the Appellate Division, Fourth Department because Petitioner's failed to preserve the issue for review. Jones, 13 A.D.2d 1192. The Appellate Division's decision rests on an adequate and independent state procedural ground, and Petitioner has not established the requisite cause and prejudice or

---

[4] Penal Law §160.10.

a fundamental miscarriage of justice to overcome the procedural bar. See Grey, 933 F.2d at 120-21; Wainright v. Sykes, 433 U.S. 71, 87-91 (1977); see also Sawyer v. Whitley, 505 U.S. 333 (1992). The fact that Petitioner claims ineffective assistance of counsel for counsel's failure to preserve this issue for appellate review does not provide cause to overcome the procedural bar because, as discussed above, Petitioner has not shown that he was prejudiced in any way by this error.[5] Therefore, Petitioner's claim for habeas relief on this ground is denied.

## C. **Improper Jury Instructions**

Petitioner claims that the trial court erred by not instructing the jury that an element of Penal Law 160.15 [3] was the possession of a dangerous instrument. Pet. ¶ 22C. Petitioner argues again that the jury was not properly instructed on the meaning of a dangerous instrument. However, as discussed above, Petitioner's claim is without merit as the Petitioner cannot support his argument that the trial court failed to give an instruction on the definition of a dangerous instrument or that the jury was unreasonable in finding that a bottle was a dangerous instrument. In any event, Petitioner's claim is procedurally barred because he failed to

---

[5] The Petitioner's claim would also fail under the Federal standard for sufficiency of the evidence. The Federal standard requires a court to consider whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Under this standard, a rational trier of fact could have concluded that a glass bottle was a dangerous instrument under the Penal Law.

-16-

preserve this issue for state appellate review. Jones, 13 A.D.2d 1192; Grey, 933 F.2d at 120-21. Petitioner has not established the requisite cause and prejudice, or a fundamental miscarriage of justice to overcome the procedural bar. See id.; Sykes, 433 U.S. 71, 87-91; see also Whitley, 505 U.S. 333. Therefore, Petitioner is barred from asserting this claim on habeas review, and his claim is denied on this ground.

## D. **Prosecutorial Misconduct**

Petitioner next claims that his constitutional rights were violated by the prosecutor's statements in opening and closing arguments that the Petitioner was a "con man" and a "thug," that Whalen was a "good Samaritan," and that the defense strategy was a "smoke screen." Pet ¶ 22 D. Petitioner failed to preserve this claim for state appellate review however, the Appellate Division also found that his claim was without merit. Jones, 13 A.D.2d 1192-3. Petitioner's claim is therefore procedurally barred. Grey, 933 F.2d at 120-21. Petitioner has not established the requisite cause and prejudice, or a fundamental miscarriage of justice to overcome the procedural bar. See id.; Sykes, 433 U.S. 71, 87-91; see also Whitley, 505 U.S. 333. Therefore, Petitioner is barred from asserting this claim on habeas review, and his claim is denied on this ground.

**E. Juror Misconduct and Improper Influence**

Petitioner claims that he was denied a fair trial because the only black woman on the jury signed an affidavit stating that she was intimidated and pressured to return a guilty verdict. Pet. ¶ 22E. Petitioner raised this claim in a C.P.L. § 330.30 motion to set aside the verdict, and his motion was denied. Petitioner could have, but did not raise it this issue on direct appeal, therefore, Petitioner did not exhaust his remedies in state court with respect to this claim. C.P.L 440.10 (2)(c). Petitioner is now barred from asserting this claim in state court because he failed to raise it on direct review. Id. Therefore, Petitioner's claim is deemed exhausted, but procedurally barred. See Grey 933 F.2d at 120-21. Petitioner has not established the requisite cause and prejudice, or a fundamental miscarriage of justice to overcome the procedural bar, and his claim is denied. Id.; Sykes, 433 U.S. 71, 87-91; see also Whitley, 505 U.S. 333.

**F. Repugnant Verdict**

Petitioner also claims that the verdict was inconsistent because he was acquitted of second degree robbery and convicted of first degree robbery, and both crimes require that the accused have intent to commit the crime. Pet. ¶ 22 F. Petitioner's claim is without merit, because the crimes of second degree robbery and first degree robbery have different elements under the Penal Law.[6]

---

[6] See Penal Law §§ 160.10, 160.15.

Therefore, a person may be convicted of one and acquitted of the other without any inconsistency, even if the same mental state is required for those crimes. In any event, Petitioner's claim is procedurally defaulted because he failed to raise it on direct appeal. C.P.L 440.10 (2)(c). Petitioner has not established the requisite cause and prejudice, or a fundamental miscarriage of justice to overcome the procedural bar, and his claim is denied. Id.; Sykes, 433 U.S. 71, 87-91; see also Whitley, 505 U.S. 333.

## G. **Right to Testify at Grand Jury**

Petitioner last claims that he was unconstitutionally denied his right to testify during the grand jury proceeding because he was not notified by counsel or the court of the date his case was to be presented to the grand jury. Pet. ¶22 G. Petitioner raised this issue in a C.P.L. § 330.30 motion to vacate the verdict, and was denied. However, Petitioner failed to raise this issue on direct appeal. Therefore, Petitioner is procedurally barred from bringing this claim. C.P.L 440.10 (2)(c). Petitioner has not established the requisite cause and prejudice, or a fundamental miscarriage of justice to overcome the procedural bar, and his claim is denied. Id.; Sykes, 433 U.S. 71, 87-91; see also Whitley, 505 U.S. 333.

## V. **CONCLUSION**

For the reasons stated above, Petitioner's request for habeas relief pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Further, because the issues raised in the petition are

-19-

not the type that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, this Court concludes that the petition presents no federal question of substance worthy of attention from the Court of Appeals and, therefore, pursuant to 28 U.S.C. § 2253 and Fed. R. App. P. 22(b), this Court denies a certificate of appealability. The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

ALL OF THE ABOVE IS SO ORDERED.

                                            s/Michael A. Telesca
                                            MICHAEL A. TELESCA
                                       United States District Judge

DATED:   Rochester, New York
          October 23, 2009